UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:  
Gary Ambro

CHAPTER 13  
CASE NO. 18-49094-PJS  
JUDGE PHILLIP J SHEFFERLY

Debtor _____/

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**Now Comes** the Chapter 13 Trustee, KRISPEN S. CARROLL, and files her objections pursuant to E.D. Mich. LBR 3015-3(a) and opposes confirmation of the Chapter 13 Plan where it does not comply with Bankruptcy Code provisions, 11 U.S.C. §§ 1325, 1322, other applicable provisions of Title 11 Chapter 13 and Local Bankruptcy Rules, as follows:

1. Trustee objects to debtor's failure to disclose all assets, liabilities, income and expenses where it appears that the debtor does not maintain a separate corporate form for Drive Giant LLC and that the corporate veil should be pierced. Debtor's bank account at 5th 3rd Bank is in the name of the business, the debtor and his non-filing spouse. The account appears to be used for personal expenditures.

2. In the alternative, Trustee objects to debtor's valuation of his interest in Drive Giant LLC for $1.00 and requests documentation upon which debtor relies, as it may affect the best interest of creditors pursuant to 11 U.S.C. § 1325(a)(4).

3. Trustee questions debtor's valuation of the real property on Schedule A and requests a recent real property tax bill with State Equalized Value statement and any other documentation upon which debtor relies, as it may affect the best interest of creditors pursuant to 11 U.S.C. § 1325(a)(4). Trustee notes that she received information for a property other than the debtor's. Trustee further requests a copy of the last deed of record.

4. Trustee questions debtor's valuation of the household goods in the amount of $2,000.00 Schedule B and requests copies of debtor's homeowner's and personal property insurance statements and any other documentation upon which debtor relies, as it may affect the best interest of creditors pursuant to 11 U.S.C. § 1325(a)(4).

5. Trustee objects to debtor's failure to disclose an account with Qapital (as disclosed on the bank statements provided) and a 2011 GMC Denali (as disclosed on the Proof of Claim of Intouch Credit Union) on Schedule B. Trustee requests copies of 6 months of statements for the Qapital account along with the title to the GMC Denali.

6. The Trustee objects to the direct payment to Citimortgage, as the debt is in arrears. Therefore, direct payment to such creditor is not justified pursuant to E. D. Mich. LBR 3070-1.

7. Trustee objects to the special treatment of Clayson, Schneider & Miller and Legacy Services Group in Class 4.1 as the obligations are not entitled to secured treatment and further objects to the direct pay treatment of those creditors and the IRS in Class 7.3 as providing preferential treatment which unfairly discriminates against all other general unsecured creditors contrary to 11 U.S.C. §§1322(a)(3) and 1322(b)(1). See In re Kovich, 4 B.R. 403 (Bankr. N.D. Mich. 1980) (sets forth four factors to be analyzed by the Court); In re Harris, 62 B.R. 391, 394 (E.D. Mich. 1986) (Judge Spector stated: "More precisely, it is fundamental to the operation of the Code that creditors of an equal status – e.g. priority, administrative and unsecured – be treated equally and equitably."); In re Cook, 26 B.R. 187, 190 (D. N. Mex. 1982)("A debtor, however, bears the burden of showing that the proposed classification does not unfairly discriminate.")(citation omitted).

8. Trustee further objects to the direct payment of fees incurred in the debtor's previous

case, filed as a Chapter 11 and then converted to Chapter 7, as it appears that counsel's fees were discharged in that case, Case #16-55307-S, based upon the fee order of the Court entered on January 30, 2018 at Docket #140, or in the alternative, represent a pre-petition debt that creates a conflict of interest for debtor counsel.

9. Trustee objects to the treatment of GM Financial in Class 4.3 as the obligation is based upon a lease and should be treated in Class 6.1.

10. Trustee requests copies of the August and September bank statements for the 5th 3rd Bank account along with the check register and monthly profit and loss statements for Drive Giant LLC from January 2018 to present.

11. Trustee objects to debtor's failure to attach a "statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income," as required for Line 8a on Schedule I.

12. Trustee objects to debtor's failure to provide all disposable income pursuant to 11 U.S.C. § 1325(b)(1), where based upon the pay stubs provided, it appears debtor has understated his non-filing spouse's income disclosed on Schedule I by $5,000.00 per month (average). Trustee requires debtor to file an amended Schedule I and increase the best effort and plan payment accordingly.

13. The Trustee objects to the following expenses of the debtor (Schedule J) as excessive and unreasonable affecting the net disposable income available to fund the Plan in contravention of 11 U.S.C. § 1325(a)(3) and/or 11 U.S.C. § 1325(b):
    a. Real estate taxes $700.00 (taxes are escrowed in the mortgage payment).

14. Trustee objects to debtor's failure to provide all disposable income pursuant to 11 U.S.C. § 1325(b)(1) as the Plan payment is less than debtor's best effort where debtor has understated his non-filing spouse's income on Schedule I, has included an expense for property taxes that are escrowed and the Plan does not offer interest.

See <u>In re Hight-Goodspeed</u>, 486 BR 462 (N.D. Ind. 2012).

**Wherefore,** the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

Dated: October 03, 2018

OFFICE OF THE CHAPTER 13 TRUSTEE -DETROIT
KRISPEN S. CARROLL, CHAPTER 13 TRUSTEE

/s/ MARGARET CONTI SCHMIDT
Krispen S. Carroll (P49817)
Margaret Conti Schmidt (P42945)
719 Griswold Street, Ste 1100
Detroit, MI 48226
(313) 962-5035
notice@det13ksc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:  CHAPTER 13
Gary Ambro  CASE NO. 18-49094-PJS
  JUDGE PHILLIP J SHEFFERLY

Debtor_____/

## CERTIFICATE OF MAILING

I hereby certify that on the date indicated below, I electronically filed TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

CLAYSON, SCHNEIDER & MILLER PC
645 GRISWOLD
SUITE 3900
DETROIT, MI 48226

and I hereby certify that I have mailed by United States Postal Service the above mentioned documents to the following non-ECF participants:

Gary Ambro
532 Springview Dr
Rochester, MI 48307

October 03, 2018  /s/ Barb Ecclestone_____
  BARB ECCLESTONE
  For the Office of the Chapter 13 Trustee-Detroit
  719 Griswold Street, Ste 1100
  Detroit, MI 48226
  (313) 962-5035
  notice@det13ksc.com